**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

IN RE:  ANNETTE M. LYNCH                                              Case No. 06-33193-DOT
       Chapter 13 Debtor

**MEMORANDUM OPINION AND ORDER**

      Hearing was held on January 10, 2007, on the chapter 13 trustee's objection to confirmation of debtor Annette M. Lynch's proposed chapter 13 plan. The trustee objects to the plan on the ground that the debtor improperly deducted an ownership expense on Official Form B22C for a vehicle owned free and clear, hence the plan does not comply with the requirement of 11 U.S.C. § 1325(b)(1)(B) that all of a debtor's disposable income be committed to the funding of a chapter 13 plan. The debtor's income exceeds the median income in the state of Virginia. Therefore, the debtor's disposable income is determined exclusively by 11 U.S.C. § 1325(b)(3), which references the "means test" of 11 U.S.C. § 707(b)(2), embodied by Official Form B22C. The trustee objects to the debtor's inclusion of an ownership expense for a vehicle because the debtor does not have a debt or lease payment on that vehicle. For the summary reasons set forth below, the court holds that the debtor properly included the ownership expense, and the expense is allowable even where the debtor makes no debt or lease payment on her vehicle. As a result, the trustee's objection to confirmation will be overruled.

Findings of Fact

      Debtor filed for relief under chapter 13 of the bankruptcy code on November 9, 2006. The debtor's schedules, filed that same day, include Official Form B22C which provides a summary of the debtor's income and expenses in accordance with 11 U.S.C. § 1325(b)(3). The

debtor is the only member of her household.  According to this form, the debtor's total gross monthly income, derived from her average monthly income during the six months prior to filing the bankruptcy petition, is $4,541.52.  Annualized, this current income amounts to $54,498.24.  In Virginia, the median income for a single person household is $45,143.00.  Therefore, the debtor's income is above the median and the debtor must propose a chapter 13 plan with a commitment period of 5 years according to § 1325(b)(4).  Further, the debtor must determine her disposable income in accordance with § 1325(b)(3).

Section 1325(b)(3) requires the debtor to calculate her disposable income in accordance with 11 U.S.C. § 707(b)(2), popularly known as the "means test," which is also used in determining eligibility for chapter 7.  Federal Rule of Bankruptcy Procedure 9009 provides that "the official forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate…the forms shall be construed to be consistent with these rules and the Code."  Official Form B22C provides for a calculation of the deductions allowed under § 707(b)(2), which when subtracted from the debtor's current monthly income yields the debtor's disposable income.  The debtor filled out this form, which includes deductions for a number of categories.

Lines 27 through 29 of form B22C address allowed ownership expenses for debtor's transportation.  Line 27 allows a deduction for vehicle operation or public transportation expenses.  The debtor checked the box stating that she pays operating expenses for one vehicle, and entered the appropriate Local Standard amount of $260.00.  Line 28 allows a deduction for ownership/lease expense for up to two owned vehicles.  A check-box prompts the debtor to select whether she claims an ownership/lease expense for one, or two or more vehicles.  The debtor claims only one vehicle.  According to the instructions on the form, the debtor is to enter

in sub-part a "the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court)"; in sub-part b the debtor is to enter the "total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in line 47"; finally, the allowed net ownership/lease expense for the vehicle is determined by subtracting sub-part b from sub-part a. In sub-part a the debtor inserted the ownership cost of $471.00, which, according to the United States Trustee's website, is the ownership expense allowed for one car in Virginia. The debtor listed no average monthly payment on debts secured by that vehicle in line 47 and likewise entered zero in sub-part b of line 28. Therefore, the total ownership/lease expense claimed by the debtor is $471.00 – 0 = $471.00. The debtor does not claim an ownership expense for a second car, and line 29 is inapplicable.

The debtor filled out the remainder of form B22C, arriving at total current monthly income of $4,541.52 on line 20, which, reduced by the total expense deductions of $4,446.04 from line 52, yields a total monthly disposable income of $95.48 on the final line of form B22C.

The debtor filed her chapter 13 plan on November 22, 2006. The plan provides for a payment of $111.00 monthly for 60 months, yielding a total plan payment of $6,660.00. The plan lists no secured debt or payment to secured creditors. The plan payment of $111.00 is approximately the same as the debtor's monthly net income of $111.48 stated on Schedules I and J, which were filed along with the plan.

The chapter 13 trustee filed an objection to confirmation of debtor's plan on December 22, 2006. The court held a hearing on January 10, 2007, at which the chapter 13 trustee, the office of the United States Trustee, and counsel for the debtor presented arguments. The court took the matter under advisement and issues the following conclusions of law.

Conclusions of Law

In the words of the chapter 13 trustee in this case, "When I got out of law school…I didn't imagine I'd stand in front of a federal judge and argue about how to fill out a form." Nonetheless, given the revisions to the bankruptcy code enacted by congress in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), the court is today in the position of determining whether a debtor may deduct a vehicle ownership expense on Official Form B22C when the debtor does not have a debt or lease payment on that vehicle.

This issue has been addressed by a number of bankruptcy courts within the last year, but regrettably no consensus has emerged. At the time this opinion is entered, this exact question has been ruled upon in either the chapter 7 or chapter 13 context in at least twenty-eight published cases. Of the twenty-eight on-point cases reviewed by this court, exactly eleven hold that a debtor may not deduct an ownership expense where the debtor has no payment on the vehicle.[1] The other seventeen hold that a debtor may deduct the ownership expense.[2] The issue

---

[1] The eleven cases disallowing the deduction, in chronological order, are: In re Hardacre, 338 B.R. 718 (Bankr. N.D. Tex. Mar. 6, 2006); In re McGuire, 342 B.R. 608 (Bankr. W.D. Mo. Jun. 1, 2006); In re Barraza, 346 B.R. 724 (Bankr. N.D. Tex. Aug. 1, 2006); In re Wiggs, 2006 Bankr. LEXIS 1547 (Bankr. N.D. Ill. Aug. 4, 2006); In re Oliver, 350 B.R. 294 (Bankr. W.D. Tex. Aug. 8, 2006); In re Carlin, 348 B.R. 795 (Bankr. D. Ore. Aug. 18, 2006); In re Harris, 353 B.R. 304 (Bankr. E.D. Okla. Oct. 13, 2006); In re Devilliers, 2007 Bankr. LEXIS 75 (Bankr. E.D. La. Jan. 9, 2007); In re Slusher, 2007 Bankr. LEXIS 127 (Bankr. D. Nev. Jan. 17, 2007); In re Ceasar, 2007 Bankr. LEXIS 829 (Bankr. W.D. La. Mar. 6, 2007); In re Howell, 2007 Bankr. LEXIS 1405 (Bankr. D. Kan. Apr. 26, 2007).

[2] The seventeen cases allowing the deduction, in chronological order, are: In re Fowler, 349 B.R. 414 (Bankr. D. Del. Sep. 11, 2006); In re Hartwick, 352 B.R. 867 (Bankr. D. Minn. Oct. 13, 2006); In re Haley, 354 B.R. 340 (Bankr. D. N.H. Oct 18, 2006); In re McIvor, 2006 Bankr. LEXIS 3861 (Bankr. E.D. Mich. Nov. 15, 2006); In re Naslund, 2006 Bankr. LEXIS 3943 (Bankr. D. Mont. Nov. 16, 2006); In re Grunert, 353 B.R. 591 (Bankr. E.D. Wis. Nov. 20, 2006); In re Prince, 2006 Bankr. LEXIS 3404 (Bankr. M.D. N.C. Nov. 30, 2006); In re Wilson, 356 B.R. 114 (Bankr. D. Del. Dec. 11, 2006); In re Crews, 2006 Bankr. LEXIS 3632 (Bankr. M.D. N.C. Dec. 22, 2006); In re Zak, 2007 Bankr. LEXIS 88 (Bankr. N.D. Oh. Jan. 12, 2007); In re Sawdy, 2007 Bankr. LEXIS 619 (Bankr. E.D. Wisc. Feb. 20, 2007); In re Enright, 2007 Bankr. LEXIS 812 (Bankr. M.D. N.C. Mar. 6, 2007); In re Ragle, 2007 Bankr. LEXIS 874 (Bankr. E.D. Ky. Mar. 23, 2007); In re Billie, 2007 Bankr. LEXIS 1306 (Bankr. N.D. Oh. Apr. 10, 2007); In re Watson, 2007 Bankr. LEXIS 1261 (Bankr. D. Md. Apr. 11, 2007); In re Zaporski, 2007 Bankr. LEXIS 1449 (Bankr. E.D. Mich. Apr. 17, 2007); In re Swan, 2007 Bankr. LEXIS 1370 (Bankr. N.D. Cal. Apr. 18, 2007).

has also been discussed in dicta in four other cases,[3] and the parallel question has been addressed as to housing in at least one.[4] To divide the cases further, eight chapter 13 cases hold that a debtor may not deduct the expense,[5] while eight hold that a debtor may deduct.[6] Ten distinct bankruptcy districts disallow the deduction,[7] while eleven allow it.[8] Further, it appears that none of these decisions has been appealed, nor has this court discovered any published District Court, Bankruptcy Appellate Panel, or Court of Appeals cases addressing the issue.

The court has reviewed the arguments in each of these cases and is compelled by the reasoning and result of four of the published cases decided by bankruptcy courts in the Fourth Circuit allowing the deduction, two by Judge Stocks, one by Judge Waldrep, and one by Judge Keir. In re Prince, 2006 Bankr. LEXIS 3404 (Bankr. M.D. N.C. Nov. 30, 2006) (Stocks, J.) (allowing expense deduction in Chapter 7); In re Crews, 2006 Bankr. LEXIS 3632 (Bankr. M.D. N.C. Dec. 22, 2006) (Stocks, J.) (expanding the reasoning of In re Prince to Chapter 13); In re Enright, 2007 Bankr. LEXIS 812 (Bankr. M.D. N.C. Mar. 6, 2007) (Waldrep, J.) (allowing expense deduction in Chapter 13); In re Watson, 2007 Bankr. LEXIS 1261 (Bankr. D. Md. Apr.

---

[3] The following two cases address the situation where the debtor actually incurred an expense of some sort on the relevant vehicle. Because these courts did not have to address the zero payment situation, their conclusion that the Hardacre line of cases was correct did not determine the outcome of the case. In re Lara, 347 B.R. 198 (Bankr. N.D. Tex. June 28, 2006); In re Demonica, 345 B.R. 895 (Bankr. N.D. Ill. July 31, 2006). Two other decisions in which dicta supports the Hardacre line are also worthy of mention. In re Skaggs, 349 B.R. 594 (Bankr. E.D. Mo. Aug. 16, 2006) (disallowing the expense deduction where debtors proposed to abandon the automobile); In re Thicklin, 355 B.R. 856 (Bankr. M.D. Ala. Oct. 25, 2006) (finding the means test inapplicable for the below-median income debtors in that case but stating that most courts allow the expense only when accompanied by loan or lease payments).

[4] In the housing context, at least one court has allowed the expense deduction when debtors did not have an actual housing expense. In re Farrar-Johnson, 353 B.R. 224 (Bankr. N.D. Ill. Sep. 15, 2006).

[5] Hardacre, McGuire, Wiggs, Carlin, Devilliers, Slusher, Ceasar, and Howell.

[6] Haley, Naslund, Grunert, Crews, Sawdy, Enright, Watson, and Swan.

[7] The following bankruptcy districts disallow the deduction: Northern District of Texas, Western District of Missouri, Northern District of Illinois, Western District of Texas, District of Oregon, Eastern District of Oklahoma, Eastern District of Louisiana, District of Nevada, Western District of Louisiana, and District of Kansas.

[8] The following bankruptcy districts allow the deduction: District of Delaware, District of Minnesota, District of New Hampshire, District of Montana, Eastern District of Michigan, Eastern District of Wisconsin, Middle District of North Carolina, Northern District of Ohio, Eastern District of Kentucky, District of Maryland, and Northern District of California.

11, 2007) (Keir, J.) (allowing expense deduction in Chapter 13).[9] The court also finds the arguments for allowing the expense deduction from In re Fowler, 349 B.R. 414 (Bankr. D. Del. Sep. 11, 2006), and In re Wilson, 356 B.R. 114 (Bankr. D. Del. Dec. 11, 2006), more persuasive than the contrary authority disallowing the expense deduction.  Although the first six cases to address the issue disallowed the deduction, since its publication on September 11, 2006, the contrary result advocated in the Fowler opinion has been followed sixteen times whereas the older precedent has only been followed five times.  This represents a clear trend towards allowing the expense deduction, which this court will follow.

The court's decision is supported by five distinct factors, most of which have been fully expounded in the existing case law and in the interest of judicial economy will not be elaborated upon here.  First, although a close question, the court agrees with both the statutory construction and legislative history arguments in favor of allowing the expense deduction even when the debtor makes no debt or lease payments on the vehicle.

Second, the court believes that Congress indicated a desire to implement a bright line rule when enacting the means test, and use of the Internal Revenue Service's guidance documents to disallow the expense would instead return the courts to a flexible analysis of expenses requiring excessive investigation into IRS principles and practices.

Third, the use of the Service's internal guidance documents by bankruptcy judges in order to enforce the bankruptcy code could enable the IRS to become a rule-making body for bankruptcy law.  This runs the risk of improperly assigning a legislative function to an agency unrelated to bankruptcy and may raise serious questions of administrative law.

---

[9] The court also notes that Judge Small has allowed the deduction in an apparently unpublished opinion.  In re Taylor, Case No. 06-01348-5-ATS (Bankr. E.D.N.C. Dec 18, 2006).

6

Fourth, the language of Official Form B22C supports allowance of the ownership expense by directing debtors to consult either the clerk of the bankruptcy court or the office of the U.S. Trustee's website for the appropriate IRS figures, rather than any other IRS source or manual. The IRS source even redirects parties seeking bankruptcy information to the official bankruptcy sources. The figures maintained by each of those official sources are divorced from any IRS guidance documents, and nothing in these figures indicates that a vehicle owned free and clear is not entitled to an expense deduction.

Finally, the court believes that the IRS guidance documents must be applied in a consistent manner, if they are to be applied at all. None of the twenty-eight cases cited have held that the IRS Local Standards must be applied as a cap in the means test—allowing a deduction equal to the lesser of actual expense or the Local Standard amount—even though the guidance documents clearly set out these numbers as such a cap when the IRS uses them to analyze taxpayer ability to pay. This yields a discontinuous result when the guidance is applied only to a debtor who makes no payment on a vehicle. By applying the guidance piece-meal, a debtor with zero payment would be entirely disallowed a deduction, whereas a debtor with any non-zero payment, even $1.00, would be allowed to deduct the entire $471.00. Full application of the guidance would allow deductions of zero and $1.00, respectively, but no courts appear to endorse this view. The court sees no reason why it should apply the guidance documents in only the zero-payment scenario to create this discontinuous result. Either the guidance documents apply in total or they do not apply at all. Given that no courts appear to advocate total application of the guidance documents to cap allowable expenses, the court will not apply the guidance documents exclusively to zero-payment debtors and chooses to consider only the Local Standard numbers themselves.

For the above reasons, the debtor will be allowed to deduct the Local Standard expense amount even though she makes no monthly payment on the vehicle. The trustee's objection will be overruled. Accordingly,

IT IS ORDERED that the trustee's objection to confirmation is OVERRULED. The trustee is requested to submit an order of confirmation.

SIGNED:

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copy to:

Robert A. Canfield
Canfield, Baer, Heller & Johnston, LLP
2201 Libbie Ave., Suite 200
Richmond, VA 23230
*Counsel for Debtor*

Annette M. Lynch
201 West High Street
South Hill, VA 23970
*Chapter 13 Debtor*

Carl M. Bates
P.O. Box 1819
Richmond, VA 23218
*Chapter 13 Trustee*

Shannon Franklin
Office of the U.S. Trustee
600 East Main Street
Suite 301
Richmond, VA 23219